IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL HAMMOND,              :        CIVIL NO. 3:CV-12-0242
          Plaintiff,      :
                          :        (Judge Mariani)
     v.                        :
                          :
B.A. BLEDSOE, et al.,         :
          Defendants    :

## MEMORANDUM

I.    **Background**

    Plaintiff Michael Hammond ("Plaintiff" or "Hammond"), an inmate presently confined at the United States Penitentiary Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1.) Hammond raises allegations against various members of the USP Lewisburg staff regarding his medical care, unsafe conditions, and the use of excessive force. Hammond filed his Complaint on February 8, 2012. By Order dated February 10, 2012, service of the Complaint was directed. (Doc. 6.)

    Presently before the Court is Hammond's Motion, filed on February 29, 2012, in which he requests that this Court issue a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65. (Doc. 9.) Pursuant to our March 8, 2012 Order directing service of the Motion on Defendants and directing the filing of a response within ten (10) days, on March 15, 2012, a brief in opposition to the Motion was filed on behalf of

Defendants. (Doc. 14.) On March 20, 2012, Hammond filed a letter in which he responds to the points raised in Defendants' opposition brief. (Doc. 15.) We therefore construe Hammond's filing as his reply brief. Accordingly, the Motion is fully briefed and ripe for disposition. For the reasons set forth below, the Motion will be denied.

## II.  Legal Standard

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008). The United States Court of Appeals for the Third Circuit has delineated four (4) factors that a district court must consider when ruling on a motion for a preliminary injunction or temporary restraining order: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured if the court denies the requested relief; (3) whether granting the requested relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest. See Gerardi v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994); Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990). These same factors are used in considering a motion for a temporary restraining order. See Ride the Ducks, L.L.C. v. Duck Boat Tours, Inc., 2005 WL 670302, *4 (E.D. Pa. Mar. 21, 2005). The moving party bears the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp

v. Contino, 629 F. Supp. 2d 449, 457 (M.D. Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002)). Moreover, "[a]s these elements suggest, there must be a 'relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 Fed. Appx. 836, 837 (3d Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

The risk of irreparable harm must not be speculative. See Adams, 204 F.3d at 488 (citing Acierno v. New Castle Cty., 40 F.3d 645, 653 (3d Cir. 1994)). Moreover, to establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980). In determining whether success is likely, the court must look to legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp. 229 F.3d 254, 264 (3d Cir. 2000).

## III. Discussion

Hammond requests a temporary restraining order to protect him from all prison staff and other inmates because of his sexual preference and his exercise of his constitutional rights. (See Doc. 9 at 3.) In order to illustrate his need for protection, Hammond provides the details of an incident that allegedly occurred on February 9, 2012, one (1) day after this action was initiated, during which he claims that he was verbally and physically assaulted by three (3)

members of the USP Lewisburg staff who are not Defendants in this action, Rummel, Houser, and Scampone. (See id. at 2-4.) Hammond alleges that these members of the correctional staff attacked him after he reported that he was raped by his cellmate and then fabricated an incident report against him to justify their actions. (See id.) Attached to his Motion are copies of incident reports prepared by Scampone and Rummel charging Hammond with assault based upon their allegations that, on February 9, Hammond became combative and kicked them while they were transporting him from the law library to his cell. (See id. at 7.) Hammond alleges that, because he has filed a complaint against Defendants, prison officials do not have a problem with continuing to assault him and allowing other inmates to assault him as well. (See id. at 4.)

We find that Hammond has failed to show a reasonable probability that he will succeed on the merits or that he will suffer irreparable injury if his Motion is denied. Hammond seeks relief based upon events that occurred after the initiation of this lawsuit and against individuals who are not parties to this lawsuit. Where the events he describes in his Motion took place after he filed this lawsuit, he could not possibly have exhausted his administrative remedies as to any claims arising from them. Moreover, as observed by Defendants, it appears upon review of Hammond's Complaint and documents attached thereto that he did not fully exhaust his administrative remedies with respect to his claims asserted in this action. Defendants observe that Hammond attaches to his Complaint a Response from the Regional Office of the Federal

4

Bureau of Prisons ("BOP"), dated January 5, 2012, which responds to his grievance about issues relating to his claims in this lawsuit, including the discontinuation of his medical care, alleged threats to his safety, and medical care for his diabetes. (Doc. 1 at 18.) The response states that Hammond had thirty (30) days after that response to file an appeal, and the Office of General Counsel would have forty (40) days to respond to that appeal (see 28 C.F.R. § 542.18), and thus, where Hammond initiated this action on February 8, 2012, it would appear that he could not have exhausted his administrative remedies beforehand.[1] A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Because it is apparent that Hammond raises new issues in his Motion that stem from events occurring after the initiation of this lawsuit and that do not involve Defendants to this action, and where, in any event, it appears likely that he has not exhausted his administrative remedies, it would be inappropriate to grant

---

[1] In his reply brief, Hammond asserts that he has in fact exhausted his administrative remedies and alleges that his attached exhibits are evidence of his exhaustion. (Doc. 15 at 1.) However, Hammond attaches only one exhibit consisting of an undated informal resolution attempt in which he complains about Unit Manager Brewer's handling of his legal mail. (Id. at 3.) Notwithstanding the fact that a copy of an informal resolution attempt would not be proof of the exhaustion of the entire administrative remedy process, it is unclear how a grievance concerning the handling of mail relates to Hammond's claims in this lawsuit concerning the discontinuation of his medication, his safety, and the treatment he receives for diabetes.

Hammond also asserts that his remedies should be deemed to be exhausted because he did not receive a response to one of his remedies and therefore deemed it to be a denial. (See id. at 1.) However, the remedy number he refers to, No. 66159-F1, does not correspond to the number on the January 5, 2012 remedy raising the issues that relate to this case, and therefore, does not demonstrate that he exhausted his claims.

preliminary injunctive relief with respect to any of Hammond's claims. See id.; see also Ball, supra, 396 Fed. Appx. at 837; BP Chems. Ltd., supra, 229 F.3d at 264.

In addition, even if Hammond has exhausted the issues that form the basis for this lawsuit, we find that he has failed to establish that he will suffer irreparable injury if the instant Motion is denied inasmuch as this lawsuit will provide him with an adequate remedy at law. To the extent that Hammond wishes to pursue new claims against new individuals who are not parties to this action, he has a remedy available to him in the form of filing a new civil rights lawsuit following his exhaustion of his administrative remedies.

Based on the foregoing, Hammond's Motion requesting preliminary injunctive relief will be denied. An appropriate Order follows.

Robert D. Mariani
United States District Judge

6