IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HAMMOND, | : | CIVIL NO. 3:CV-12-0242 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, et al., | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

I.  **Background**

On February 8, 2012, Plaintiff Michael Hammond ("Plaintiff" or "Hammond"), an inmate presently confined at the United States Penitentiary Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1.) Hammond raises allegations against various members of the USP Lewisburg staff regarding his medical care, unsafe conditions, and the use of excessive force.

By Order dated February 10, 2012, service of the Complaint was directed. (Doc. 6.) Following a request for an extension of time to respond to the Complaint, which was granted, on July 23, 2012, a Motion for Summary Judgment was filed on behalf of Defendants. (Doc. 32.) After obtaining an extension of time, on August 15, 2012, Defendants filed a supporting brief (Doc. 35), statement of material facts (Doc. 36), and supporting exhibits (Docs. 35-1 through 35-4). Accordingly, Hammond's opposition to Defendants' Motion currently is due to be

filed on or before September 5, 2012. See Middle District of Pennsylvania Local Rule ("L.R.") 7.6.

Presently before the Court is Hammond's Motion for Appointment of Counsel. (Doc. 37.) For the reasons set forth herein, the Motion will be denied without prejudice. In light of this ruling, we shall sua sponte grant Hammond an extension of time until September 28, 2012 to file his opposition to Defendants' Motion for Summary Judgment.

## II. Legal Standard

The Court recognizes that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Notwithstanding this lack of a constitutional or statutory right to appointed counsel, in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to this statute is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. The exercise of this discretion, however, is guided by certain basic principles. Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 (3d Cir. 2007).

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Id. at 155-57. In Parham, the Third Circuit

identified the following guidelines for appointing counsel to indigent civil litigants:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> > (1) the plaintiff's ability to present his or her own case;
> >
> > (2) the complexity of the legal issues;
> >
> > (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such an investigation;
> >
> > (4) the amount a case is likely to turn on credibility determinations;
> >
> > (5) whether the case will require the testimony of expert witnesses;
> >
> > (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457 (citation omitted).

## III. Discussion

Our analysis of the above factors suggests that counsel should not be appointed in this case at the present time. We observe that, even though Hammond expresses concern about his ability to litigate this case on his own, and explains that the inmate who assisted him in filing this case has been transferred to another institution, Hammond does not state that he has attempted to obtain assistance from a new source and has been unsuccessful. We also find that he has been able to present his claims in a clear and concise fashion and, that, despite his

complaints in the instant Motion about interference with his outgoing mail, he has communicated with the Court in a timely manner. We therefore cannot conclude that he lacks the ability to present his own case. We also find that the legal issues presented by this case are not overly complex, and that, where Hammond should have in his possession copies of the records necessary to respond to Defendants' lead argument in their Motion for Summary Judgment that he has failed to exhaust administrative remedies, it appears that no factual investigation is necessary at this point in the proceedings. In addition, we find premature any consideration as to whether this case will turn on credibility determinations, or whether expert witness testimony will be required, particularly where a potentially dispositive motion has been filed. Finally, while it is apparent from Hammond's representations in the instant Motion that he is unable to afford counsel, he does not state whether he attempted to secure counsel to represent him on a volunteer basis before placing his request for the appointment of counsel before this Court. As such, we cannot conclude that he is unable to attain counsel on his own behalf.

We therefore find based upon our overall consideration of the Tabron factors that the appointment of counsel is not appropriate at this time. However, we must also note that, at the outset of his Motion, Hammond asserts that he is incompetent and that he suffers from paranoid schizophrenia and borderline personality disorder. (See Doc. 37 at 1.) Federal Rule of Civil Procedure 17(c)(2) provides that "the court must appoint a guardian ad litem - - or issue another appropriate order - - to protect a minor or incompetent person who is unrepresented in

an action." Recently, in Powell v. Symons, 680 F.3d 301 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit provided guidance as to the circumstances that trigger a district court's obligation to conduct an inquiry under Rule 17(c)(2). The Court stated, in pertinent part, as follows:

> A district court need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity. That is an important limiting factor as to the application of Rule 17. The federal courts are flooded with pro se litigants with fanciful notions of their rights and deprivations. We cannot expect district judges to do any more than undertake a duty of inquiry as to whether there may be a viable basis to invoke Rule 17. That duty of inquiry involves a determination of whether there is verifiable evidence of incompetence.

Powell, 680 F.3d at 307. In defining the type of evidence that would constitute "verifiable evidence of incompetence", the Powell Court quoted the United States Court of Appeals for the Second Circuit's decision in Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 201 (2d Cir. 2003), in which that Court found that a district court's failure to consider the application of Rule 17 likely would constitute an abuse of discretion "'[i]f a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.'" Powell, 680 F.3d at 307 (quoting Ferrelli, 323 F.3d at 201).

In the instant case, Hammond asserts that he is incompetent and suffers from

schizophrenia and borderline personality disorder, but he has not provided any verifiable evidence of mental incompetence, as defined above, so as to trigger this Court's obligation to undertake a Rule 17 inquiry. However, inasmuch as our denial of the instant Motion requesting the appointment of counsel will be without prejudice, if Hammond has verifiable evidence of mental incompetence that he wishes to present to the Court, he may do so by submitting it along with a properly filed Motion renewing his request for the appointment of counsel. This Court then will determine if an inquiry under Rule 17 is appropriate.

## IV.   Conclusion

Based on the foregoing, Hammond's Motion for Appointment of Counsel (Doc. 37) will be denied without prejudice. In light of our ruling, we shall <u>sua sponte</u> grant Hammond an extension until September 28, 2012 to file his opposition to Defendants' Motion for Summary Judgment (Doc. 32).

**AND NOW, to wit, THIS 30 th DAY OF AUGUST, 2012, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. 37) is **DENIED** without prejudice.

2. On or before **September 28, 2012**, Plaintiff shall file his opposition to Defendants' Motion for Summary Judgment (Doc. 32), including his opposition brief in accordance with L.R. 7.6, and his responsive statement of material facts in accordance with

L.R. 56.1.[1]

3.  Plaintiff's failure to file his opposition as directed within the required time will result in Defendants' Motion being deemed unopposed and addressed on the merits.

_____
Robert D. Mariani
United States District Judge

---

[1] Plaintiff is advised that the requirements for opposing a motion for summary judgment are summarized in this Court's Standing Practice Order, which was issued to him on February 9, 2012, and that copies of the relevant rules are attached to that Order. (See Doc. 4.)