IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HAMMOND, | : | CIVIL NO. 3:CV-12-0242 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, et al., | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

I.   **Background**

On February 8, 2012, Plaintiff Michael Hammond ("Plaintiff" or "Hammond"), an inmate presently confined at the United States Penitentiary Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1.) Hammond raises allegations against various members of the USP Lewisburg staff regarding his medical care, unsafe conditions, and the use of excessive force.

By Order dated February 10, 2012, service of the Complaint was directed. (Doc. 6.) Following a request for an extension of time to respond to the Complaint, which was granted, on July 23, 2012, a Motion for Summary Judgment was filed on behalf of Defendants. (Doc. 32.) After obtaining an extension of time, on August 15, 2012, Defendants filed a supporting brief (Doc. 35), statement of material facts (Doc. 36), and supporting exhibits (Docs. 35-1 through 35-4). On August 23, 2012, Hammond filed a Motion to Appoint Counsel. (Doc. 37.)

By Order dated August 30, 2012, we denied his Motion without prejudice, and, in light of our ruling, we <u>sua sponte</u> extended the deadline for Hammond to file his opposition to Defendants' Motion for Summary Judgment to September 28, 2012. (Doc. 38.)

Presently before the Court are two (2) Motions filed by Hammond on September 11, 2012: (1) a Motion to Issue Subpoenas (Doc. 39) and (2) a Motion for an Extension of Time to file his opposition to Defendants' Motion for Summary Judgment (Doc. 40). These Motions are disposed of below.

## I.   Motion for Subpoenas

In his first Motion, Hammond requests that this Court issue subpoenas to obtain the work schedules of all health care providers at USP Lewisburg as well as all of the psychology notes and records at USP Lewisburg pertaining to him from 2007 to date. (Doc. 39.) Hammond explains that if work schedule records reveal that if there were no medical providers or insufficient medical staff present when he experienced blood sugar issues, he would argue that those conditions likely would cause him serious medical harm. (Doc. 39 at 2.) He explains that he seeks psychology notes and records to show that he is suffering from schizophrenia and other psychotic disorders. (<u>Id.</u>) Hammond states that the records he seeks will allow him to oppose Defendants' Motion for Summary Judgment.

Decisions regarding whether to issue subpoenas to <u>pro se</u> litigants rest in the sound discretion of the court. <u>Gay v. Petsock</u>, 917 F.2d 768, 772 (3d Cir. 1990). Notwithstanding that

point, with respect to the instant request, we observe that the information Hammond is seeking is more appropriately obtained through service of conventional discovery requests on the opposing party, such as interrogatories and/or requests for production of documents, rather than through the issuance of subpoenas by this Court. We therefore will deny the Motion on that basis. However, in determining that Hammond's requests would more appropriately be made through discovery requests, we also are mindful of the fact that Defendants have filed a potentially dispositive motion in this case. "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209-10 (S.D.N.Y. 1991) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc., v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Upon review, we find that Defendants' Motion for Summary Judgment does indeed appear to have substantial grounds, and we also note that Defendants have filed voluminous medical records in support of their Motion which very well may contain the information that Hammond seeks. (See Docs. 35-1 through 35-4.) Therefore, in the interest of judicial economy, and the preservation of the resources of the parties, we shall stay all discovery

deadlines pending further order of court. In issuing this stay, we observe that, to the extent that the information Hammond seeks is not contained in the materials already provided by Defendants, and Hammond endeavors to demonstrate that this information is necessary to justify his opposition to Defendants' Motion, he may follow the procedure set forth in Federal Rule of Civil Procedure 56(d).[1]

## II.     Motion for an Extension of Time

Hammond requests an additional extension of the deadline to file his opposition to Defendants' Motion for Summary Judgment. (Doc. 40.) In our August 30, 2012 Order, we sua sponte extended the deadline for Hammond's filing of his opposition from the original deadline of September 5, 2012 to September 28, 2012. (See Doc. 39.) In his instant Motion, Hammond explains that he requires additional time to prepare and file his opposition because he must handwrite everything without assistance, he has to be added to the law library list to perform his legal research, and he anticipates a delay in sending out his legal mail because his unit counselor only makes rounds once per week to collect indigent legal mail. (See Doc. 40.) Hammond does not specify the amount of additional time he seeks. We find that he has demonstrated good cause for an additional extension of time and that an extension of an additional twenty-one (21) days, or until October 19, 2012, is appropriate. We therefore shall

---

[1] Federal Rule of Civil Procedure 56(d) permits the court to "allow time to obtain affidavits or declarations or to take discovery" if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition..."

4

grant the Motion accordingly.

AND NOW, to wit, THIS /3𝕥ʰ DAY OF SEPTEMBER, 2012, IT IS HEREBY **ORDERED THAT:**

1. Plaintiff's Motion to Issue Subpoenas (Doc. 39) is **DENIED**.

2. All discovery deadlines in this case are **STAYED** pending further order of court.

3. Plaintiff's Motion for an Extension of Time (Doc. 40) is **GRANTED**.

4. On or before **October 19, 2012**, Plaintiff shall file his opposition to Defendants' Motion for Summary Judgment (Doc. 32), including his opposition brief in accordance with L.R. 7.6, and his responsive statement of material facts in accordance with L.R. 56.1.[2]

5. Plaintiff's failure to file his opposition as directed within the required time will result in Defendants' Motion being deemed unopposed and addressed on the merits.

                                                */s/ Robert D. Mariani*
                                                Robert D. Mariani
                                                United States District Judge

---

[2]Plaintiff is advised that the requirements for opposing a motion for summary judgment are summarized in this Court's Standing Practice Order, which was issued to him on February 9, 2012, and that copies of the relevant rules are attached to that Order. (See Doc. 4.)