IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HAMMOND, | : | Civil No. 3:12-CV-242 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| B.A.BLEDSOE, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## ORDER

The plaintiff, an inmate *pro se,* has filed a series of motions, styled as motions for protection, complaining about the conditions of his confinement. (Docs. 49, 56, and 57.) However, a review of these pleadings discloses that Hammond has never served the defendants with these pleadings, claiming instead that he cannot afford to serve his pleadings on the defendants.

At the outset, we note that the record belies this claim by Hammond that he cannot afford to serve pleadings on opposing counsel. Quite the contrary, the docket reflects that Hammond frequently mails communications, often of a fairly mundane nature, to this court. (Docs. 15, 20, 24, 28, 31, 42, 48, 51, 55, and 58.) Thus, Hammond plainly has the means to pay postage in connection with this lawsuit, including postage for service of pleadings upon the opposing counsel.

Moreover, under Rule 5 of the Federal Rules of Civil Procedure, parties have an affirmative duty to serve pleadings upon those they elect to sue. A failure to serve, in turn, permits the court to strike those pleadings which have not been properly served.

This is the course we will follow here. Hammond is advised to serve all future pleadings on the defendants' counsel, and his current, unserved motions (Docs. 49, 56, and 57.), are STRICKEN due to his failure to comply with Rule 5, without prejudice to a later consideration of these motions once they are properly served on opposing counsel.

So ordered this 13th day of March 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge